UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,             MEMORANDUM DECISION
                                       AND ORDER
                                       S2 01 CR 831 (GBD)

      -against-

FREDDY ABAD,

                    Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      On March 10, 2005 defendant Freddy Abad filed a *pro se* motion to vacate his conviction and dismiss the indictment against him. He alleged a violation of his speedy trial rights under the Speedy Trial Act, 18 U.S.C. § 3161 and the Sixth Amendment. On April 5, 2005 Abad's trial attorney asked to be relieve as counsel on the ground that the *pro se* motion and letters to the Court showed that Abad believed that counsel had been ineffective, and that Abad desired new counsel. The Court granted the request and appointed new counsel for purposes of sentencing, and to make any motions that new counsel deemed appropriate. On July 29, 2005, the defendant's new attorney filed a letter adopting the *pro se* motion. The defendant's motion is hereby denied as both untimely and without substantial merit.

      Any motion to vacate a judgment on a basis "other than newly discovered evidence must be filed within 7 days after the verdict." Fed. R. Crim. P. 33(b)(2). The time limit may be extended by the Court, but an extension may only be granted during the original seven day time period. Id.; Fed. R. Crim. P. 45(b)(2). Rule 33 is a "claim-processing" rule, and while the Court does not lack jurisdiction to hear an untimely Rule 33 motion, Eberhart v. United States, 546 U.S. __, No. 04-9949, slip op. at 4, 126 S.Ct. 403, 405-06 (2005) (*per curiam*), where the issue

of timeliness is properly raised in opposition, the Court may not grant the motion.[1]  Id. at 7.

On December 15, 2004, the jury returned a guilty verdict on five charges: murder in aid of racketeering; conspiracy to commit robbery; robbery; use of a firearm during a crime of violence; and use of a firearm for murder during a crime of violence.  After the verdict was delivered and the jury discharged, no request was made for an extension of the seven day time period.  Tr. 1655.  During the seven day period, the defendant did not file any post-trial motions, nor did he request that the Court grant an extension for the filing of such motions.  Therefore, the deadline for filing a motion to vacate the verdict on a basis other than newly discovered evidence was December 24, 2004.

New defense counsel now argues that defendant's *pro se* March 10, 2005 motion is not barred by Rule 33 because the record is "unclear" as to whether an extension was granted, and this uncertainty should be resolved in defendant's favor.  The record, however, is not unclear.  No extension of the seven day period was requested or granted, and no post-trial motions were filed during that time.  Moreover, the Court cannot, as requested by the defendant, "exercise its discretion" to reach the merits of the motion.  Where the government properly objects to an untimely Rule 33 motion, it is "assure[d of] relief."  Eberhart, slip op. at 7.  Because the government did so object in this case, the motion must be dismissed.

Even if the Court could reach the merits of the defendant's motion, he would not be entitled to relief under the Speedy Trial Act.  The Act provides that "[f]ailure of the defendant to move for dismissal prior to trial...shall constitute a waiver of the right to dismissal."  18 U.S.C. §

---

[1] The Second Circuit had previously characterized the Rule 33 time limit as "jurisdictional."  See, e.g., United States v. Mayo, 14 F.3d 128, 132 (2d Cir. 1994).  Eberhart v. United States makes clear that it is not.  546 U.S._, slip op. at 4.  Thus, while the issue of timeliness may now be forfeited, Id. at 6, where the issue is properly raised in opposition to the motion, Eberhart does not change the outcome.  Id. at 7.

3162(a)(2). While the defendant had requested a speedy trial as early as December 2002,[2] the defendant did not file a motion for dismissal until four months after his conviction. Thus, he waived his right to dismissal under the Speedy Trial Act.[3]

The defendant' contention that his constitutional right to a speedy trial has been violated is equally without merit. Because the delay in this case is presumptively prejudicial, see Doggett v. United States, 505 U.S. 647, 651, n.1 (1992) (noting a post-accusation delay approaching one year is generally held to be presumptively prejudicial), the Court must apply a four-factor test, analyzing: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530-33 (1972). "[T]he four factors...must be considered together with such other circumstances as may be relevant." United States v. Williams, 372 F.3d 96, 113 (2d Cir. 2004).

Approximately thirty-five months passed between the defendant's indictment and the commencement of the trial. While this delay alone does not give rise to a constitutional violation, Id. at 112-13 (finding that a delay of almost three years did not amount to a constitutional violation), the length of the delay was not insignificant. See United States v. Murillo, 288 F.3d 1126, 1132 (2d Cir. 2002) (finding that a thirteen month delay from arrest to trial "militates slightly" in favor of the defendant).

"[P]retrial delay is often both inevitable and wholly justifiable." Doggett v. United States, 505 U.S. 647, 656 (1992); see also United States v. Vassell, 970 F.2d 1162, 1165 (2d Cir.

---

[2] The defendant contends that he thus preserved his statutory speedy trial rights for this motion, citing to United States v. Lloyd, 125 F.3d 1263 (9th Cir. 1997) and United States v. Hall, 181 F.3d 1057 (9th Cir. 1999). However, in both cases the defendants filed timely pre-trial *pro se* motions demanding dismissal. Lloyd, 125 F.3d at 1266-67; Hall, 181 F.3d at 1060-61.

[3] The defendant's reference to an ineffective assistance of counsel claim, based on the failure of his pre-trial counsel to file a motion to dismiss based on the Speedy Trial Act, is also barred as a ground for relief pursuant to Rule 33. See, e.g., United States v. Dukes, 727 F.2d 34, 38 (2d Cir. 1984) (denying Rule 33 motion based on ineffective assistance of counsel as untimely because it did not involve newly discovered evidence).

1992). The delay in this case resulted from a number of factors. However, it was primarily due to the need for the Department of Justice to separately decide whether to pursue the death penalty against both the defendant and his co-defendant. The defendant has not shown that these delays resulted from the government's negligence or bad faith. See Murillo, 288 F.3d at 1132 (holding that delays for the completion of the death penalty evaluation process and consideration of defendant's pre-trial motions were justifiable).

Defendant has failed to make a showing of actual prejudice flowing from delay.[4] The only prejudice the defendant argues is that the plea negotiations with the co-defendant provided the government an opportunity for the collection of evidence "devastating" to the defendant's case. Any additional delay in this case stemming from plea negotiations with the co-defendant to procure his testimony does not amount to prejudice of a constitutional level. See Vassell, 970 F.2d at 1165 (holding that a seven month delay resulting from government's plea negotiations with co-defendant to encourage testimony against continuing defendant was constitutionally permissible). Thus, under the Barker test, the defendant's right to a speedy trial was not violated.

Accordingly, the defendant's motion to vacate his conviction and dismiss the indictment against him is denied.

Dated: New York, New York
December 7, 2005

SO ORDERED:

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] While this failure is not always fatal to constitutional speedy trial claims, see Doggett, 505 U.S. at 655-56, the delay in this case was almost one-third of the eight and a half year delay in Doggett. Furthermore, there is no evidence of bad faith or negligence by the government, as there was in Doggett. Id. at 656-57.

4