UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
FREDDY ABAD,
                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------

MEMORANDUM DECISION
AND ORDER

1 Crim. 831 (GBD)
9 Civ. 8985 (GBD)
21 Civ. 5625 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Freddy Abad, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate his conviction. (Pet'r's Mot. to Vacate ("Mot."), ECF No. 123.) The Government opposes Petitioner's motion. (Ltr. of USA in Opp. to Pet'r's Mot., dated Sept. 13, 2021 ("Gov't Opp."), ECF No. 125.) Petitioner also moves for counsel to be appointed on his behalf pursuant to 18 U.S.C. § 3006A ("§ 3006A"). (Pet'r's Mot. for Couns., ECF No. 7.) Petitioner's motions are DENIED.

## I. FACTUAL BACKGROUND

Petitioner shot and killed Hilario DeJesus during an armed robbery on September 7, 1996. *United States v. Abad*, 514 F.3d 271, 272 (2d Cir. 2008); (PSR, ECF No. 125, Ex. 1 at 5–6.) Petitioner, armed with a machine gun and accompanied by two other men, forced his way into DeJesus' apartment at gunpoint. *Abad*, 514 F.3d at 272. Once inside, Petitioner demanded money from DeJesus and began threatening and beating him. (PSR at 6.) After Petitioner found cash in DeJesus' apartment, Petitioner fired a machine gun into DeJesus' side, killing him. (*Id.*)

Petitioner was convicted at trial in 2004 and sentenced in 2005 to two terms of life imprisonment after being convicted of murder in aid of racketeering ("Count One") and the use of a firearm for murder during a crime of violence ("Count Six"), in violation of 18 U.S.C. §

1

1959(a)(1) and 18 U.S.C. § 924(i), respectively, and to 240 months' imprisonment for conspiracy to commit Hobbs Act robbery ("Count Three") and Hobbs Act robbery ("Count Four"), to run concurrently, in violation of 18 U.S.C. § 1951, and 120 months' imprisonment for use of a firearm during a crime of violence ("Count Five"), in violation of 18 U.S.C. § 924(c) ("§ 924(c)"), to run consecutively with the terms imposed on Counts One, Three, Four, and Six. (*See* J., ECF No. 67; Gov't Opp. at 2.) Petitioner's conviction was subsequently affirmed on direct appeal. *See Abad*, 514 F.3d at 277.

On October 1, 2020, Petitioner was granted permission by the Second Circuit to file a successive § 2255 petition in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] (ECF No. 111.)

## II. PETITIONER'S § 2255 MOTION IS DENIED

§ 2255 enables a prisoner in federal custody to seek to have his sentence vacated, set aside, or corrected on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Relief under § 2255 is more limited than relief under direct appeal. *See Napoli v. United States*, 32 F.3d 31, 35 (2d Cir. 1994) ("The grounds provided in section 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited . . ."). To prevail on a § 2255 motion, a movant must show "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Sanders v. United States*, 1 Fed. App'x. 57, 58 (2d Cir. 2001) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

---

[1] Petitioner's first § 2255 motion was denied in 2011. (ECF No. 93.)

In *Davis*, the Supreme Court held that the "residual clause" in § 924(c)'s definition of "crime of violence" is unconstitutionally vague. *Davis*, 139 S. Ct., at 2325–36; *see* 18 U.S.C. § 924(c)(3)(B). After *Davis*, an offense only constitutes a crime of violence upon which a § 924(c) conviction may be predicated if the offense satisfies the statute's "elements clause," which requires the offense to have "as an element[,] the use, attempted use, or threatened use of physical force against the person or property of another." *Davis*, 139 S. Ct. at 2324; *see* 18 U.S.C. § 924(c)(3)(A).

Here, Petitioner argues that his convictions for the use of a firearm for murder during a crime of violence (Counts Five and Six) are no longer valid after *Davis*, because conspiracy to commit Hobbs Act robbery does not constitute a "crime of violence" under Section 924(c)(3). (Mot. at 15.) The Government agrees that conspiracy to commit Hobbs Act robbery no longer constitutes a crime of violence after *Davis*. (Gov't Opp. at 3.) The Government maintains, however, that Petitioner's convictions are unaffected by *Davis*, because both charges were also predicated on *substantive* Hobbs Act robbery, and that the latter predicate remains a crime of violence under § 924(c)(3)(A). (*Id.*)

The substantive Hobbs Act robbery as charged in Count Four remains a valid predicate under § 924(c)(3)(A)–the "elements clause"–sufficient to uphold Petitioner's convictions for Counts Five and Six. The "elements clause" remains constitutionally valid and can satisfy § 924(c) because only § 924(c)(3)(B) –the "residual clause"– was found to be unconstitutionally vague in *Davis*. 139 S. Ct. 2319. Indeed, in *United States v. Hill*, the Second Circuit ruled that Hobbs Act robbery is categorically a "crime of violence" under § 924(c)(3)(A). 890 F.3d 51, 60 (2d Cir. 2018). Here, Petitioner was charged and convicted of Hobbs Act robbery under 18 U.S.C. § 1951 and 18 U.S.C. § 1952. (*See* ECF No. 125, Ex. 1 at 4.) Because the jury found beyond a reasonable doubt that Petitioner committed a crime of violence when it found him guilty of Hobbs Act robbery

(Count Four), his convictions on Count Five and Six rest on a valid predicate. Thus, the "elements clause" for a crime of violence was satisfied for both Counts Five and Six and Petitioner's conviction stands.[7] *See United States v. Walker*, 789 F. App'x 241, 244–45 (2d Cir. 2019).

### III. PETITIONER'S § 3006A MOTION IS DENIED

§ 3006A permits courts to determine whether a person that is financially eligible and seeking relief under § 2255 may be appointed counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). However, "[f]or the Court to order appointment of counsel, the [defendant] must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1985).

This Court already appointed counsel to assist Petitioner with his § 2255 motion. (*See* Ltr. from Florian Miedel, dated May 7, 2021, ECF No. 60.) However, after reviewing the factual record and the applicable law, Petitioner's court-appointed counsel determined that she could not submit a "non-frivolous" motion, and requested to be relieved as counsel. (*Id.*) Because Petitioner has failed to demonstrate that his claim has merit, his successive request for counsel is DENIED.

---

[7] Even if this Court were to vacate Petitioner's Count Five conviction, re-sentencing would be unnecessary given Petitioner's two mandatory life sentences (Counts One and Six). *See United States v. Peña*, 09 Crim. 341 (VM), 2020 WL 7408992, at *6 (S.D.N.Y. Dec. 17, 2020).

4

## IV.  CONCLUSION

Petitioner's motions to vacate his sentence and to appoint counsel are DENIED. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

The Clerk of Court is respectfully directed to close the open motions at ECF Nos. 123 and 7 and Cases Nos. 9-cv-8985 and 21-cv-5625.


Dated: June 8, 2023
      New York, New York               SO ORDERED.

                                                   *George B. Daniels*
                                                  GEORGE B. DANIELS
                                                  United States District Judge