UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA,                    :

    -against-                               :

FREDDY ABAD,                                 :

                  Defendant.         :

------------------------------------------x

        MEMORANDUM DECISION
           AND ORDER

      01 Crim. 831 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Freddy Abad moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Def. *Pro Se* Mot., ECF No. 135; Def. Counsel Mot., ECF No. 146.) The Government opposes Defendant's motion. (Gov't Opp, ECF No. 148.) Defendant claims that his difficult upbringing, intellectual disabilities, age at the time of the offense, family and medical circumstances, time served under harsh and inhumane conditions of confinement, unusually long sentence, and demonstrated rehabilitation, taken together, constitute extraordinary and compelling circumstances that warrant a sentence reduction. Defendant's motion is DENIED.

## I.    FACTUAL BACKGROUND

In 2004, a jury convicted Defendant of the murder and robbery of a rival drug dealer, Hilario DeJesus. (ECF No. 67.) This murder was part of a string of violent acts Defendant and his crew of armed robbers perpetrated between 1993 and 1996. (Gov't Opp. at 1–2.) On September 7, 1996, Defendant and members of his crew invaded DeJesus's apartment while DeJesus was hosting a family party. *See United States v. Abad*, 514 F.3d 271, 272 (2d Cir. 2008). After tying up DeJesus, Defendant shot and killed him with a machine gun. *Id.* Evidence at trial showed that Defendant planned and directed the robbery. *Id.* After a three week trial, the jury convicted Defendant on five counts: murder in the aid of racketeering in violation of

18 U.S.C. § 1959(a)(1); conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; Hobbs Act robbery in violation 18 U.S.C. § 1951; use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and use of a firearm to commit murder during a crime of violence in violation of 18 U.S.C. § 924(j). (ECF No. 67.)

On January 18, 2006, this Court sentenced Defendant to a mandatory term of life imprisonment on Count One, life imprisonment on Count Six, 240 months' imprisonment on Counts Three and Four, running concurrently with one another, and 120 months' imprisonment on Count Five, to run consecutively. (*Id.*)

On January 30, 2025, Defendant acting *pro se*, filed a motion for appointment of counsel and a motion to reduce his sentence. (*See* Def. *Pro Se* Mot., at 2, 4.)[1] On March 10, 2025, David Stern filed a letter motion requesting this Court appoint him as Defendant's counsel for the purposes of assisting Defendant with his compassionate release claim. (ECF No. 137.) On March 11, 2025, this Court approved Mr. Stern's request. (ECF No. 138.) On September 9, 2025, Defendant's counsel submitted a supplement to the Defendant's *pro se* motion for a sentence reduction. (*See* Def. Counsel Mot.) On December 5, 2025, the Government filed a letter response in opposition. (*See* Gov't Opp.)

## II.    LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). Any such reduction must also be "consistent with applicable policy

---

[1] This Court denied Defendant's two previous motions to vacate his sentence pursuant to 28 U.S.C. § 2255. (See ECF Nos. 93 and 132.)

2

statements issued by the Sentencing Commission." *Id.* The Sentencing Commission's promulgated policy statement, section 1.B1.13, sets out what constitutes extraordinary and compelling circumstances. *See* U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n 2025). "These include, at a high level, certain medical circumstances of the defendant, the age of the defendant, certain family circumstances, whether the defendant was the victim of abuse while in custody, other circumstances of similar gravity, and changes in law that make the defendant's sentence unusually long." *United States v. Fernandez*, 795 F. Supp. 3d 457, 462 (S.D.N.Y. 2025); *see also* U.S.S.G. § 1.B1.13(b)(1)–(6). The defendant must also not be "a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(a)(2). Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

## III.   DEFENDANT IS NOT ENTITLED TO A SENTENCE REDUCTION

Defendant has failed to demonstrate extraordinary and compelling circumstances that would justify a sentence reduction. First, despite Defendant's claim to the contrary, (*see* Def. Counsel Mot. at 15,) this Court has already acknowledged and considered Defendant's upbringing, intellectual disability, and age at the time of the offense when it imposed the original sentence. Given the extreme nature of Defendant's conduct, those mitigating factors did not diminish the need for a significant sentence then, and they do not warrant Defendant's release now. *See United States v. Coleman*, No. 22-636, 2023 WL 3589899, at *2 (2d Cir. May 23, 2023) (upholding this Court's determination that mitigating factors previously considered at sentencing "did not constitute extraordinary and compelling circumstances warranting release"). Further, courts in this district have denied similar motions for compassionate release based on a defendant's age

3

where the defendant's actions were calculated and deliberate and not "split-second and hot-headed." *United States v. Haylock*, 19 Cr. 846-6 (KPF), 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024). Here, at the age of twenty-four, Defendant executed DeJesus during a robbery he planned and orchestrated. Defendant's age at the time of the offense does not allay his deliberate and calculated actions and it does not warrant his early release. In short, these mitigating factors, which were previously considered, are not transformed into extraordinary and compelling circumstances simply because the Defendant raises them again in a motion for sentence reduction.

Next, Defendant claims that his unusually long sentence warrants a sentence reduction. (*See* Def. Counsel Mot. at 13–14.) But as the Government states in its opposition, an unusually long sentence can only be the basis for an extraordinary and compelling circumstance where "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely imposed at the time the motion is filed." (Gov't Opp. at 5 (quoting U.S.S.G. § 1B1.13(b)(6)).) Defendant is correct that life imprisonment, relative to all federal sentences, is an unusually long sentence. *See United States v. Lespier*, No. 3:98-CR-102 (SVN), 2025 WL 213732, at *3 (D. Conn. Jan. 16, 2025) (highlighting that only 2.5% of the federal sentenced offenders in the BOP system are serving terms of life imprisonment). Even still, Defendant points to no change in the law that would dramatically reduce the sentence this Court imposed. On the contrary, if convicted today for the same crimes, Defendant would still be subject to a mandatory life sentence. Therefore, Defendant's sentence alone does not create an extraordinary and compelling circumstance. *See United States v. Lika*, 84-CR-499 (CS), 2024 WL 1555731, at *2 (S.D.N.Y. Apr. 10, 2024) (denying a defendant's motion for sentence reduction, in part, because defendant "would likely get a sentence similar, if not identical" to their original sentence).

4

Defendant's family circumstances are similarly unavailing. Section 1B1.13(b)(3)(C) of the Sentencing Guidelines Manual provides that an extraordinary and compelling circumstance exists when a defendant's parent is incapacitated and the "defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Defendant argues that he is currently the only available caregiver for his eighty-nine-year-old mother. (Def. Counsel Mot. at 10–11.) But as the Government points out in their response, Defendant admits that his sister is currently providing care for their mother. (*See* Gov't Opp. at 4; Def. Counsel Mot. at 10.) Accordingly, Defendant is not the "only available caregiver," as required by section IBI.13(b)(3)(C). *See United States v. Larkin*, No. 19-CR-833 (SHS), 2025 WL 835865, at *1 (S.D.N.Y. Mar. 14, 2025) (holding that defendant was not his grandmother's only available caregiver under U.S.S.G § 1B1.13(b)(3) where other family members provide some meals, companionship, and housework).

Defendant's ongoing medical conditions—recurrent prostatitis and gastrointestinal issues—also fail to create an extraordinary and compelling circumstance. Under section 1B1.13(b)(1)(C), an extraordinary and compelling condition exists when a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(C). Defendant has not alleged that his condition is not being properly addressed by the Bureau of Prisons. In fact, medical records submitted by the Government show that the BOP is currently monitoring Defendant's health conditions and prescribing prescription drugs to control and treat his symptoms. Accordingly, Defendant's medical conditions are not extraordinary and compelling under section 1B1.13(b)(1). *See United States v. Bradley*, No. 19 Crim. 632 (GBD), 2023 WL 3004660, at *2 (S.D.N.Y. Apr. 19, 2023) (holding that type two diabetes, hypertension, an enlarged prostate, sleep apnea, obesity, nerve damage, urinary tract disorders, kidney damage, and Bell's Palsy are insufficient reasons for a

sentence reduction where "BOP is monitoring and managing [a defendant's] health in an adequate manner").

Next, Defendant argues that his harsh conditions of confinement, both during the COVID-19 pandemic and generally, constitute extraordinary and compelling circumstances. While some courts in this Circuit have found that harsher conditions of confinement precipitated by the pandemic may constitute extraordinary and compelling circumstances, *see e.g.*, *United States v. Oquendo*, 13 Cr. 357-1 (KPF), 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023) ("[P]andemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release, particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the pandemic."), other courts have recognized that "harsh conditions of confinement during the pandemic, without more, do not constitute 'extraordinary and compelling' reasons justifying a sentence reduction," *United States v. Malloy*, 07 Cr. 898 (VM), 2023 WL 2237504, at *2 n.1 (S.D.N.Y. Feb. 27, 2023) (collecting cases); *see also* U.S.S.G § 1B1.13(b)(1)(D)(ii) (requiring defendants to present "personal health risk factors" that increases the "risk of suffering severe medical consequences or death as a result of exposure"). Additionally, courts have held that universal conditions within prisons "do not give rise to extraordinary and compelling circumstances." *United States v. Stewart*, No. 20-CR-83 (CS), 2024 WL 5046927, at *2 (S.D.N.Y. Dec. 9, 2024); *see also United States v. Gonzalez*, No. 19-CR-467 (PKC), 2022 WL 16919842, at *5 (S.D.N.Y. Nov. 14, 2022) ("If the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction."). Here, Defendant has asserted only generalized conditions of confinement and failed to state any personal characteristics that show these conditions uniquely affected his incarceration. Without more, this

6

sort of universal complaint is not sufficient to establish extraordinary and compelling circumstances.

Finally, Defendant submits that his demonstrated rehabilitation and remorse for his actions, when combined with his other stated reasons, support his requested sentence reduction. (*See* Def. Counsel Mot. at 4–7.) Defendant acknowledges that "rehabilitation . . . is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release." *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd. sub nom., United States v. Connelly*, No. 22-2337-CR, 2023 WL 8446806 (2d Cir. Dec. 6, 2023).

Even assuming *arguendo* that Defendant's stated reasons, in the aggregate, amounted to extraordinary and compelling circumstances, the § 3553(a) factors weigh heavily against his early release. As stated above, Defendant was convicted of murdering DeJesus, execution-style, during a home invasion robbery that he planned and directed. Additionally, DeJesus's "murder was just one of several murders, robberies, and kidnappings that [Defendant] directed and brought about as the leader of a violent robbery crew." (Gov't Opp at 5.) Defendant committed grave offenses. A reduction would not reflect the seriousness of his actions and would "undermine the deterrent purpose of the original sentence." *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

## IV.　CONCLUSION

Defendant's motion for a sentence reduction is DENIED.　The Clerk of Court is respectfully directed to close the motions at ECF Nos. 146 and 147 accordingly.

Dated: New York, New York
　　　February 3, 2026

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

8